UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES RICARD, ET AL.                                    CIVIL ACTION

VERSUS                                                    NO. 09-2499

ESSEX INSURANCE COMPANY, ET AL.                           SECTION "N" (1)

# O R D E R and R E A S O N S

Before the Court is the Defendant's **Motion to Dismiss and/or Motion for Summary Judgment (Rec. Doc. 11)**. The motion is opposed. After reviewing the memoranda, the amended complaint, and the applicable law, the Court grants the motion as stated herein.

## I. BACKGROUND

Plaintiff Charles Ricard ("Ricard") filed suit in 2006 against his homeowners' property insurance company as part of the putative class action filed in this District as *Abadie et al. v. Aegis Insurance Company et al.*, C.A. No. 06-5164. Plaintiff Ricard's Paper & Chemical Company, Inc., ("Ricard's Paper") was not named as a plaintiff in that suit.[1] After that mass joinder action was severed, Ricard filed a supplemental complaint on January 30, 2009 purporting to name Markel Insurance Company and Essex Insurance Company as defendants in

---

[1] Neither Plaintiff was named as a plaintiff in the second *Abadie* mass tort suit filed in this District, *Abadie et al v. Aegis Insurance Company et al.*, C.A. No. 07-5112.

this case, which concerns a claim on a commercial insurance policy issued to Ricard's Paper. *See* Amend. Compl. at. ¶¶VI-X (Rec. Doc. 1). Defendant Essex Insurance Company was voluntarily dismissed from this lawsuit on August 19, 2009. Defendant Markel Insurance Company now seeks dismissal of the lawsuit on two alternative grounds: that it did not issue the instant policy of insurance to Ricard's Paper; and that any claim Ricard's Paper may have against it has prescribed.

## II. ANALYSIS

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1959 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Plaintiffs argue that the amended complaint relates back to the original complaint filed in *Abadie* and, accordingly, that the claim was timely filed in 2006 and the relevant prescription period tolled at filing. Plaintiffs argue that the addition of Ricard's Paper as a Plaintiff in this suit is proper pursuant to Federal Rule of Civil Procedure 17, since Ricard's Paper is the "real party in interest" in this litigation and that Ricard's Paper "was represented by it's [*sic*] director" in the *Abadie* litigation. Opp. at 3.

2

The Court is highly skeptical that Rule 17 is appropriately applied as Plaintiffs propose. The Court need not reach that issue, however, since the amended complaint does not fulfill the requirements for relation back to the original 2006 complaint. Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure provides that an amended pleading relates back to the original when

> the amendment changes the party or the naming of the party against whom a claim is asserted, *if Rule 15(c)(1)(B) is satisfied* and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). Thus, even were the Court to accept that Markel knew or should have known that the instant suit would be brought against it, Plaintiffs still must satisfy the requirements of Rule 15(c)(1)(B). Under that Rule, an amendment will relate back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . ." Fed. R. Civ. P. 15(c)(1)(B). It is undisputed that the complaint in *Abadie* concerned claims against the putative class's homeowners' property insurance policies, not their commercial insurance policies. *See Adabie v. Aegis Insurance Company*, C.A. No. 06-5164, Compl. at ¶¶ 4, 9a, 10, 11, and 12 (Rec. Doc. 1). The instant claim thus did not arise out of the conduct set out in the original pleading within the meaning of Rule 15(c)(1)(B) and does not relate back to that pleading. Accordnigly, the running of the prescription period applicable to this suit was not tolled by the filing of *Abadie*.

Having concluded that the instant amended complaint does not relate back to the original *Abadie* complaint and that the prescription period was not tolled, the Court furthers concludes that the instant suit has prescribed. Louisiana law controls the instant dispute, and a federal court

sitting in diversity will apply state prescription periods as substantive law. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 110-12 (1945). The instant prescription period for damage to immovable property is one year from the day the owner knew or should have known about the damage. *See* La. Civ. Code art. 3493. For claims arising from Hurricane Katrina, this prescription period was extended by the state legislature through September 1, 2007. *See* La. Rev. Stat. Ann. § 22:658.3(A). The instant suit, however, was filed on January 30, 2009, and thus was prescribed for more than a year at the time of filing. Because the Court concludes that the suit must be dismissed on grounds it has prescribed, it need not consider Defendant's alternative argument that it did not issue the insurance policy in question.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. This disposing of all remaining claim in this matter, **IT IS FURTHER ORDERED** that the Clerk will **CLOSE** the file.

New Orleans, Louisiana, this 26th day of August, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**