UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES RICARD, ET AL.                         CIVIL ACTION

VERSUS                                          NO. 09-2499

ESSEX INSURANCE COMPANY, ET AL.                 SECTION "N" (1)

**ORDER AND REASONS**

Before the Court is the Motion to Amend Judgment, or in the Alternative, Relief from Judgment or Order (Rec. Doc. 18). After reviewing the memoranda of the parties and the applicable law, the Court rules as follows.

In this motion, Plaintiffs Charles Ricard and Ricard's Paper & Chemical Company move for reconsideration, pursuant to Rule 59 and/or Rule 60 of the Federal Rules of Civil Procedure, of this Court's August 26, 2009 Order (Rec. Doc. 16) dismissing their claim. Both rules are addressed in detail herein.

**A.   Rule 59 Motion to Alter or Amend**

Under Rule 59 of the Federal Rules of Civil Procedure, a district court enjoys considerable discretion in granting or denying a motion for reconsideration. See *First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans*, 891 F.Supp. 290 (E.D.La.1995), amended 896 F.Supp. 634, affirmed 85 F.3d 622. There are three grounds upon which a court may grant a Rule 59 motion for

reconsideration to alter or amend the judgment: (1) intervening change in the controlling law has occurred, (2) evidence not previously available becomes available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216 (D.N.J.1993). The Court exercises considerable discretion in deciding such a motion, balancing "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993). Because of the interest in finality, motions may only be granted if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741, 744 (7th Cir.1993). Moreover, Rule 59(e) motions should not be used to re-litigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990).

**B.   Rule 60 Relief from Judgment or Order**

The Federal Rules of Civil Procedure provide that the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) "must be equitably and liberally applied to achieve substantial justice." *Blois v. Friday*, 612 F.2d 938 (5th Cir.1980). See also *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir.1965). This rule is:

> most liberally applied to default judgments; its main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. (Citations omitted). The purpose of the motion is to permit the trial judge to reconsider such matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal. Weighing against the grant of a 60(b) motion is the desirability of finality in judgments. This is particularly true where the reopening of a judgment could unfairly prejudice the opposing party. (Citation omitted). But even without such prejudice, the desirability of orderliness and predictability in the judicial process speaks for caution in the reopening of judgments. These are matters that are addressed to the sound discretion of the trial court, and its ruling ... will be reversed on appeal only upon a showing of abuse of discretion. (Citations

omitted).

*Swift Chemical Co. v. Usamex Fertilizers*, 490 F.Supp. 1343, 1349-1350 (E.D.La.1980), *affirmed* 646 F.2d 1121 (5th Cir.1981), *rehearing denied* 650 F.2d 282 (5th Cir.1981) (quoting *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir.1977)).

**C. Analysis**

This Court has reviewed the memoranda submitted by the parties and the applicable law and finds that Plaintiffs have failed to establish any of the aforementioned grounds for new trial or, in the alternative, to amend the judgment. For all of the reasons stated in the Opposition to Plaintiff's Motion to amend And/Or for Relief from Judgment (Rec. Doc. 19),

**IT IS ORDERED** that **Motion to Amend Judgment, Or in the Alternative, Relief from Judgment or Order (Rec. Doc. 18)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of January 2010.

KURT D. ENGELHARDT
United States District Judge

4